CASE NO. 08-5203

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

-vs-

JOHNNY JENKINS,

Defendant-Appellant.

_____

On Appeal from the
United States District Court
for the Western District of Tennessee
_____

BRIEF OF APPELLANT JENKINS
_____

Kevin M. Schad
Attorney for Appellant
Schad & Schad
1001 W. Main St. Suite F
Lebanon OH 45036
(513) 933-9333
Fax (513) 933-9375
kevinschad@yourattorneys.net

## **TABLE OF CONTENTS**

Table of Contents ....................................... ii

Table of Authorities.................................... iii

Statement of Jurisdiction............................... 1

Statement Regarding Oral Argument....................... 1

Statement of the Issues................................. 2

Statement of the Case................................... 3

Summary of the Argument................................. 5

Argument

I.   THE COURT ERRED IN ALLOWING EVIDENCE OF A PRIOR BAD
     ACT                                                 6

II.  THE COURT ERRED IN ALLOWING EXPERT TESTIMONY WITHOUT
     A PROPER FOUNDATION                                 10

III. THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE
     APPELLANT HAD CUSTODY AND CONTROL OF THE PREMISES    13

Conclusion ............................................. 16

Certification of Counsel ............................... 17

Certificate of Service.................................. 18

# TABLE OF AUTHORITIES

United States v. Arnold, 486 F.3d 177 (6th C. 2007)_____14

United States v. Bell, 516 F.3d 432 (6th C. 2008)_____8

United States v. Beverly, 369 F.3d 516(6th C. 2004)_____10

United States v. Brown, 367 F.3d 549(6th C. 2004)    6

United States v. Coffee, 434 F.3d 887(6th C. 2006)    14

United States v. Damrah, 412 F.3d 618(6th C. 2005)    10

United States v. Goosby, 523 F.3d 632(6th C. 2008)    13

United States v. Johnson, 488 F.3d 690(6th C. 2007)    11

United States v. Mathews, 440 F.3d 818(6th C. 2006)    7

United States v. Perry, 438 F.3d 642(6th C. 2006)    7

United States v. Sanders, 59 Fed Appx. 765(6th C. 2003) 10

United States v. Swafford, 385 F.3d 1026(6th C. 2004)    11

United States v. Valdez-Reyes, 165 Fed Appx. 387

    (6th C. 2006)                                   14

United States v. Wesley, 417 F.3d 612 (6th C. 2005)    7

United States v. White, 492 F.3d 380(6th C. 2007)    10

## STATEMENT OF JURISDICTION

This Honorable Court has jurisdiction to hear this matter pursuant to 28 United States Code § 1291, as there has been a final adjudication by a United States District Court on February 6, 2008. (Record Entry No. 64, Judgment, ROA p. 151) A timely notice of appeal was received by the district court on February 8, 2008. (Record Entry No. 68, Notice of Appeal, ROA p.156)

## STATEMENT REGARDING ORAL ARGUMENT

The Appellant respectfully submits that the issues may be furthered by argument, and therefore, requests the same.

Respectfully requested,

/s/ Kevin Schad
Kevin M. Schad
Attorney for Appellant

1

## STATEMENT OF THE ISSUES

I.    THE COURT ERRED IN ALLOWING EVIDENCE OF A PRIOR BAD ACT

II.   THE COURT ERRED IN ALLOWING EXPERT TESTIMONY WITHOUT A
      PROPER FOUNDATION

III.  THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE APPELLANT
      HAD CUSTODY AND CONTROL OF THE PREMISES

## STATEMENT OF THE CASE

**1.    Course of Proceedings and Disposition in Court Below**

The Appellant was originally indicted on January 31, 2007, in a five count indictment charging him with three counts of possession with the intent to distribute cocaine, cocaine base, and marijuana, one count of being a felon in possession of a firearm, and one count of possession of a firearm in furtherance of a drug trafficking offense. (Record Entry No. 1, Indictment, ROA p.12, vol.1)  An enhancement establishing a prior conviction pursuant to 21 U.S.C. § 851 was filed on October 25, 2007. (Record Entry No. 42, Indictment, ROA p.68, vol.1)

The Appellant proceeded to trial, and the jury returned a verdict of guilty as to all counts on November 7, 2007. (Record Entry No. 54, Jury Verdict, p. 141)  On February 2, 2008, the Appellant appeared with counsel for sentencing.  The Appellant was sentenced to 180 months incarceration, to be followed by 8 years supervised release. (Record Entry No. 64, Judgment, ROA p. 151)

**2.    Statement of Facts**

On July 3, 2006, Dyersburg police officers executed a search warrant on property located a 1217 Fair Avenue in Dyersburg.  When officers arrived, the Appellant, along with three other persons, was located outside the premises. (Testimony of Thayer, Record Entry No. 73, p.38) The individuals were approached, and all but the Appellant were allowed to leave.  The Appellant was then

3

brought inside the premises, where narcotics, including cocaine, cocaine base, and marijuana were found.  In addition, weapons were found inside the home.  At trial, it was learned the home belonged to the Appellant's father, who allowed access to the home to a wide range of individuals, including the Appellant.  No fingerprints of any item inside the house were tied to the Appellant.

At trial, the Government introduced evidence that in 1998, the Appellant had been arrested and convicted of marijuana possession at a location near the 1217 Fair St. residence.

## SUMMARY OF ARGUMENT

### I.

The court erred in allowing evidence of a prior drug trafficking crime which was not part of the modus operandi of the instant case, and which was highly prejudicial.

### II.

There was no basis in the record or in any report for the statements made by the Government's expert, so as to allow a finding that he was an expert on the matters asserted.

### III.

The Government failed to prove that the Appellant had custody and control over any of the controlled substances or weapons found in the home.

**ARGUMENT**

## I.   THE COURT ERRED IN ALLOWING EVIDENCE OF A PRIOR BAD ACT

The Appellant first submits that his convictions must be vacated, as the district court improperly allowed evidence of a prior offense.

## Standard of Review

The admission of evidence is reviewed under an abuse of discretion standard. <u>United States v. Brown</u>, 367 F.3d 549,554 (6th C. 2004)

The Appellant was charged with possession with the intent to distribute cocaine base and marijuana, and weapons offenses, relating to narcotics and weapons found on July 3, 2006, in a house on 1217 Fair St. In Dyersburg, TN.  The Appellant, along with 3 others, was found outside the house at the time the narcotics and weapons were found.  At trial, the Government introduced evidence that in 1998, the Appellant had been convicted of a marijuana offense relating to him being caught with marijuana located in a vehicle.  The evidence was introduced to show intent.

In order for evidence to be admitted under 404(b), the trial court must satisfy itself (1) that the prior act actually occurred, (2) that the act is admissible under one of the

permitted purposes outlined in 404(b), and (3) that the probative value of the admission does not substantially outweigh any prejudice to the defendant. <u>United States v. Perry</u>, 438 F.3d 642,647 (6th C. 2006)  Even if the Government provides a proper basis for admission, the evidence should only be admitted if it is supported by fact.  This Court "requires that other-act evidence be admitted only if, after an examination of all the evidence in the case, the trial court concludes that the jury could reasonably find by a preponderance of the evidence that the act occurred and that the defendant was the actor." <u>United States v. Mathews</u>, 440 F.3d 818,828 (6th C. 2006)

In <u>United States v. Wesley</u>, 417 F.3d 612 (6th C. 2005), this Court overturned the conviction of a defendant where prior bad acts were improperly introduced.  In that case, the defendant was convicted of bank robbery.  During the trial, the Government introduced evidence, through a videotape, that the defendant had been convicted and went to jail previously.  The Court found that even if the evidence was properly admitted to show intent, that the prejudice to the defendant was so great that it was improper to admit the evidence.  This despite the fact that the district court provided a limiting instruction, and that the Court found sufficient evidence to support the conviction.  The Court therefore overturned the conviction, and remanded for a new trial. <u>Id.</u> at 621-622

7

More recently, in the case of <u>United States v. Bell</u>, 516
F.3d 432 (6th C. 2008), the defendant was charged with
distribution of marijuana and cocaine base, and possession of a
firearm, based upon events occurring in 2004.  The prosecution,
during trial, introduced, under 404(b), evidence of prior
convictions from 1997 and 1999 for marijuana distribution.  The
district court provided a limiting instruction on these offenses.

On appeal, this Court reversed the convictions.  The Court
found that "Unless the past and present crime are related by
being part of the same scheme of drug distribution or by having
the same modus operandi, the fact that a defendant has intended
to possess and distribute drugs in the past does not logically
compel the conclusion that he presently intends to possess and
distribute drugs. . . . Thus, to be probative of a defendant's
present intent to possess and distribute, his prior convictions
for drug distribution must be related in some way to the present
crime for which the defendant is on trial." <u>Id.</u> at 443-444 The
court therefore found that admission of the prior offenses was
error.

The Court further held that, despite the limiting
instructions, such error was prejudicial.  The Court noted
"Bell's prior distribution of drugs several years prior to the
instant offense does not necessarily imply that he was intending
to possess and distribute drugs on this occasion. The only way

8

that such evidence would be probative is if the jury were
permitted to infer that because Bell has distributed drugs in the
past, it is likely that he was doing so in the present case. Yet,
this is the very kind of propensity reasoning which Rule 404(b)
prohibits the jury from using in assessing the probative value of
Bell's prior convictions and prevents the judge from considering
when engaging in the Rule 403 balancing process." <u>Id.</u> at 446
Thus, the convictions were reversed.

The facts in the instant case are almost identical to those
in the <u>Bell</u> decision.  The Appellant was charged with almost
identical offense as the defendant in <u>Bell</u>.  A prior conviction,
which was not part of the modus operandi or a subsection of the
offense in the instant case, was used to prove "intent".  Just as
in <u>Bell</u>, the use of the prior case was designed to do nothing
more than prove that because the Appellant dealt in marijuana
previously, he was doing so again.  The evidence was highly
prejudicial, and had minimal, if any, probative value for the
case at hand.  Based upon the <u>Bell</u> decision, his convictions must
be vacated.

**II.  THE COURT ERRED IN ALLOWING EXPERT TESTIMONY WITHOUT A
      PROPER FOUNDATION**

The Appellant submits that the district court erred in
allowing the Government to introduce evidence as expert testimony
without a proper foundation.

**Standard of Review**

A district court's decision to allow expert or opinion
testimony is reviewed under an abuse of discretion standard.
United States v. White, 492 F.3d 380,398 (6th C. 2007)


The district court has a duty as a "gatekeeper", and must
review a proposed expert to determine whether or not the proposed
testimony is reliable and relevant to the case. United States v.
Sanders, 59 Fed Appx. 765,767 (6th C. 2003)  An expert witness
may render an opinion only where: "(1) the testimony is based
upon sufficient facts of data, (2) the testimony is the product
of reliable principles and methods, and (3) the witness has
applied the principles and methods reliably to the facts of the
case." United States v. Damrah, 412 F.3d 618,625 (6th C. 2005)
Even where an expert's testimony is admissible, the court must
still weigh the probative value of the expert testimony versus
its prejudice to the defendant. United States v. Beverly, 369
F.3d 516,528 (6th C. 2004)

"A person with 'specialized knowledge' qualified by his or

her 'knowledge, skill, experience, training, or education' may give opinion testimony if it will assist the trier of fact to understand the evidence or to determine a fact in issue." <u>United States v. Johnson</u>, 488 F.3d 690,698 (6th C. 2007) "Our court regularly allows qualified law enforcement personnel to testify on characteristics of criminal activity, as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman." <u>United States v. Swafford</u>, 385 F.3d 1026,1030 (6th C. 2004)

In the present case, the Government presented the expert testimony of Lee Dearmitt.  Mr. Dearmitt is a police officer, and, by his estimations, has been involved in hundreds of drug cases.  Dearmitt opined to the jury that: (1) drug dealers keep weapons in their homes because they are afraid of being robbed by other drug dealers (Testimony of Dearmitt, Record Entry No. 74, p.211), (2) that drug dealers keep drugs outside their own residences (Testimony of Dearmitt, Record Entry No. 74, p.209), and (3) that drug dealers use surveillance cameras and bulletproof vests for protection.  (Testimony of Dearmitt, Record Entry No. 74, p.210)

The problem with this testimony is that the district court was given no specific information on Dearmitt's basis for knowledge.  Although Dearmitt testified he had been involved in

11

drug cases, there is no evidence of how many of those cases involved the characteristics he outlined in his testimony. The frequency, style and mode of use of these items was not apparent from Dearmitt's testimony. In sum, there is no basis from which a district court could find Dearmitt to be an expert on these matters. Further, there is no basis for the underlying data which would support these conclusions. Therefore, the testimony was improper.

Further, the testimony was highly prejudicial. All of the "facts" espoused by Dearmitt exactly coincided with the case at hand. There was no basis to challenge these conclusions, as there was no study or report which would have provided the information relevant. As such, the Appellant's convictions must be vacated.

III. **THE EVIDENCE WAS INSUFFICIENT TO PROVE THAT THE APPELLANT HAD CUSTODY AND CONTROL OF THE PREMISES**

The Appellant submits that each of his convictions must be vacated, as the Government failed to prove that the Appellant had custody and control over the firearms and narcotics found.

**Standard of Review**

"When a defendant claims there is insufficient evidence to support a conviction, we must decide 'whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" <u>United States v. Goosby</u>, 523 F.3d 632,636 (6th C. 2008)

The Government alleged that the Appellant was guilty of possession with the intent to distribute cocaine base and marijuana, possession of a weapon in furtherance of a drug trafficking offense, and felon in possession of a firearm.  Their evidence was that the Appellant was found outside of a home which contained these items.  However, three other persons were found at the same location, and the evidence presented was that numerous persons had access to the property.  Further, no fingerprint evidence tied the Appellant to the contraband.  Thus, the Government could not prove that the Appellant had custody and control of the narcotics and weapons, so as to allow

13

a finding of guilt.

"Actual possession exists if the defendant is in immediate possession or control of the object . . . " <u>United States v. Valdez-Reyes</u>, 165 Fed Appx. 387,397 (6th C. 2006) "[C]onstructive possession [] exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others . . ." <u>United States v. Coffee</u>, 434 F.3d 887,895 (6th C. 2006)(internal cite omit) Mere proximity to narcotics or a firearm, without more, does not prove possession. <u>United States v. Arnold</u>, 486 F.3d 177 (6th C. 2007)

In the Appellant's case, the Government failed to prove that the Appellant had custody or control over any of the contraband. First, many persons had equal or greater access to the premises. Second, other persons (including 3 other individuals that were immediately released by police) were in the same area as the Appellant.  The fact that the Appellant's father owned the home does not prove that any of the contents of the home were the Appellant's.  There were no prints presented at trial which were found of the Appellant's inside the home.  Finally, the evidence presented proved that the Appellant lived at another location.

In sum, the Government failed to prove custody or control over any of the contraband located in the house.  As such, each

14

of the convictions, which rely on possession, must be vacated.

## CONCLUSION

For the above stated reasons, the Appellant submits that the convictions must be vacated.

Respectfully Submitted,

/s/ Kevin Schad
Kevin M. Schad
Attorney for Appellant
Schad & Schad
1001 W. Main St. Suite F
Lebanon OH 45036
(513) 933-9333
Fax (513) 933-9375
Kevinschad@yourattorneys.net

16

**CERTIFICATION OF COUNSEL**

I hereby certify that this brief was prepared in 12 point Courier New font using WordPerfect X3, and that the brief contains 2476 words.

                                          /s/ Kevin Schad
                                          Kevin Schad
                                          Attorney for Appellant

17

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing was sent this ___13 th___ day of <u>January</u>, 2009, by ECF filing, to the office of the Assistant United States Attorney of record.


                              <u>/s/ Kevin Schad</u>
                              Kevin M. Schad
                              Attorney for Appellant